WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Isaac Aranda,<br><br>                Plaintiff,<br><br>v.<br><br>Phoenix, City of,<br><br>                Defendant. | No. CV-14-02787-PHX-ESW<br><br>**ORDER** |

      The Court issued an Order on August 17, 2015 requiring Plaintiff to show good cause why his case should not be dismissed pursuant to Rule 4(m), Fed. R. Civ. P. (Doc. 9). On August 31, 2015, Plaintiff filed a letter (Doc. 10) stating that Plaintiff was diagnosed with HIV in July 2014, was suspended from employment on April 22, 2015, and was terminated on May 15, 2015. Plaintiff stated, "I'm having financial difficulties since my termination and I can't afford to retain a lawyer." (Doc. 10 at 1)

      Plaintiff filed his Complaint on December 29, 2014 (Doc. 1). Pursuant to Rule 4(m), Fed. R. Civ. P., Plaintiff had 120 days from December 29, 2014 within which to serve the Complaint on the defendant. If, however, the Plaintiff shows good cause for failing to timely serve the Complaint, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th Cir. 1991). The good cause exception to Rule 4(m), Fed. R. Civ.

1 P., applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) (*citing Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)); *see also Townsel v. Contra Costa*, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m) despite statute of limitations having run making dismissal effectively with prejudice). Pro se litigants are required to follow the same rules of procedure that attorneys follow. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of the civil rights case). The purpose of Rule 4(m), Fed. R. Civ. P., is to encourage and enforce diligence in the prosecution of one's lawsuit. *See Wei*, 763 F.2d at 372. The burden of proving good cause to extend time to serve is on the Plaintiff. Rule 4(m), Fed. R. Civ. P.

Here, the Court notes that Plaintiff filed his Complaint after his diagnosis in July 2014. Service of process was due prior to the Plaintiff's termination of employment. In addition, Plaintiff had an employment lawyer assisting him with his suspension in April 2015 (Doc. 10 at 16). An April 24, 2015 doctor's note indicates Plaintiff suffers from several "chronic but manageable medical conditions." (*Id*. at 18). Plaintiff was able to file EEOC Complaints on April 10, 2015 and June 29, 2015. (*Id*. at 6-7). Plaintiff's only stated reason for failing to comply with Rule 4(m), Fed. R. Civ. P., and not serving defendant for over eight months is an inability to afford to retain a lawyer. Plaintiff's own submitted documents are inconsistent with his stated reason. Nor is hiring a lawyer necessary to effectuate service of process.

A district court's discretion to either grant an extension of time in which to effect service or dismiss a case for failure to timely serve pursuant to Rule 4(m), Fed. R. Civ. P., is broad. *In Re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Ninth Circuit has articulated several factors a court may consider in deciding whether to exercise its discretion to extend time, including "a statute of limitations bar, prejudice to the

defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (*quoting Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

Plaintiff has filed multiple EEOC actions, the last as recent as June 29, 2015. The Plaintiff's Complaint is insufficient on its face to determine whether it was timely filed in the first instance. However, dismissal without prejudice now would result in a dismissal with prejudice of the allegations set forth in the Complaint as Plaintiff's allegations reference a time frame of November 2012 to June 2013. Delay in prosecuting the brief, conclusory allegations set forth in the Complaint is prejudicial to the Defendant. Plaintiff has not indicated that the Defendant has actual notice of this lawsuit in District Court. Nor does Plaintiff give any indication that he has attempted service or will soon effect service.

Therefore, the Court concludes that good cause has not been shown to excuse Plaintiff's failure to prosecute his case and timely serve the Complaint as required by the Federal Rules of Civil Procedure. Plaintiff has failed to meet his burden of proof to extend time to effect service of process. In addition, the Court in its discretion declines to extend the time to serve. Therefore,

**IT IS ORDERED** dismissing without prejudice the Complaint (Doc. 1) pursuant to Rule 4(m), Fed. R. Civ. P.

The Clerk of Court shall administratively terminate the action.

Dated this 15th day of September, 2015.

Honorable Eileen S. Willett
United States Magistrate Judge